UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DESIREE MACKAY, individually and on behalf of minor child, MIKKI TRISKO | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:14-2032 ) Judge Sharp |
| BACKYARD SWING-N-SLIDE PLAY SYSTEMS, LLC and HOME DEPOT U.S.A., Inc. | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this removed action, Plaintiff Desiree Mackay alleges that her minor child Mikki Trisko was injured when a piece of swing set equipment failed. That equipment, called a 1-Person Heavy Duty Swing Set, was manufactured and distributed by Defendant Backyard Swing-n-Slide Play Systems, Inc., and was sold by Defendant Home Depot U.S.A., Inc.

Home Depot, which is sued only for breach of an express warranty, now moves for summary judgment. That Motion is unopposed[1] and is bound to be granted.

Under Tennessee law (which supplies the substantive law in this diversity case), an express warranty is created by

---

[1] Pursuant to the Initial Case Management Order, dispositive motions were to be filed on or before January 29, 2016, with responses due by February 26, 2016. Home Depot filed its Motion for Summary Judgment on September 21, 2015, and under Local Rule 7.09(b), absent a Court Order, a response was due within 21 days, otherwise the Motion would be deemed unopposed. However, in the Order transferring the Motion for Summary Judgment to this Court, the Magistrate Judge, in keeping with the Initial Case Management Order, stated that "Plaintiff shall have 28 days within which to file a response to Defendant's Motion for Summary Judgment." (Docket No. 26 at 1). No response was filed within the time provided.

1

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made a part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Tenn. Code Ann. 47-2-313. Therefore, "[i]n order to establish a prima facie claim for breach of express warranty, a plaintiff must prove that: (1) [s]eller made an affirmation of fact intending to induce the buyer to purchase the goods; (2) [b]uyer was in fact induced by the seller's acts; and (3) [t]he affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty. Body Invest, LLC v. Cone Solvents, Inc., 2007 WL 2198230, at *7 (Tenn. Ct. App. July 26, 2007)(collecting cases).

Applying that law to the facts presented, it is clear that summary judgment is warranted in Home Depot's favor. In support of its Motion and in accordance with this Court's Local Rules, Home Depot submitted a Concise Statement of Material Fact. Because Plaintiff did not respond to that Statement, those facts are accepted as true. L.R. 56.01(g). They show the following:

- Home Depot did not manufacture the 1-Person Heavy Duty Swing Set;

- Prior to purchasing the 1-Person Heavy Duty Swing Seat, Plaintiff had not done any research into the product, had not looked at any materials to help her with her decision to purchase the product, and had not looked at any other swings manufactured by others;

- There was nothing in particular that drew Plaintiff to the swing seat at the Home Depot store – she purchased it because "saw it and thought it would work on [her] swing set"; and

- Although Plaintiff spoke with an employee at Home Depot, that employee merely directed her to the area of the store where the swing set equipment was located and stated that "those [the 1-Person Heavy Duty Swing Sets] were the only ones they

2

carried."

(Docket No. 25 at 2-3).

Given the undisputed facts, Plaintiff cannot show that Home Depot made any affirmation of fact about the swing, provided a description of the swing that was made a part of the bargain, or that she was induced by any action of Home Depot to purchase the particular swing that allegedly injured her child. As a consequence, Home Depot's Motion for Summary Judgment (Docket No. 23) is hereby GRANTED and the claim against that Defendant is hereby DISMISSED WITH PREJUDICE.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE